IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES DERRICK,

    Petitioner,

v.                                                          4:22-CV-158/WS/ZCB

RICKY D. DIXON,

    Respondent.
_____/

**RESPONDENT'S ANSWER TO PETITION
FOR WRIT OF HABEAS CORPUS**

    This case is a petition for writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act (AEDPA), filed under 28 U.S.C. § 2241 and § 2254, by a person in custody of the Florida Department of Corrections (FDC) pursuant to a judgment of the state court. Petitioner is not entitled to relief he seeks for the reasons set forth below:

**Statement of Facts**

    Petitioner James is an inmate in the custody of the Florida Department of Corrections ("department").

1

### *Broward County Case 94-16096 -*

Petitioner was sentenced on October 22, 1998 in Broward County Case No. 94-16096 as follows:

3 ½ years, less 135 days jail credit. (R. 65, 70-80[1])

### *Dade County Case 98-28312 -*

Petitioner was then transferred to Dade County where he was sentenced on August 9, 1999 in Case No. 98-28312 as follows:

Count I :  20 years , less 341 days jail credit.
Count II:  10 years, less 341 days jail credit, concurrent with Count I.

The court ordered this case to run consecutive to Broward Case No. 94-16096.

(R. 65; 82-93)

### *Broward County Case 99-721 -*

Petitioner was then transferred back to Broward County where he was sentenced on August 13, 1999 in Case No. 99-721 as follows:

Count I  :  30 years, less 195 days jail credit.
Count II :  10 years, less 195 days jail credit, concurrent with Count I.

The Court ordered this case to run consecutive to any active sentence.

(R. 66; 102-114)

---

[1] The exhibits in this case will be referenced as they were for the record on appeal in the state court case, using R.xxx [page number].

2

### *Palm Beach County Case 99-1368* -

Petitioner was then transferred to Palm Beach County where he was sentenced on October 5, 2001 in Case No. 99-1368 as follows:

30 years , less 782 days jail credit, concurrent with any active sentence. (R. 66; 94-101)

Petitioner was received into DOC on October 5, 2001. (R. 66)

Initially, DOC structured Petitioner's sentences incorrectly by running the 30-year sentence in the Broward case consecutive to the 3 ½ year sentence only/ However, a proper reading of the court orders directs otherwise. Dade County directed that its 20-year term run consecutive to Broward case 94-16096 for a total of 23 ½ years.  The later Broward case directed that its 30-year term was to run consecutive **to any active sentence**.  Petitioner's active sentence at that time was the overall 23 ½ year sentence, which resulted in an overall term of 53 ½ years.  The error was corrected on August 15, 2018. (R. 67)

### **Petitioner's Claim**:

Petition James has filed a federal habeas petition claiming that the department violated his constitutional rights by arbitrarily lengthening his sentence.  He also claims that his 5th Amendment rights were violated when "DOC committed double jeopardy by arbitrarily changing his sentence." (Pet p. 11) Lastly, he claims that his

3

due process rights were violated when DOC calculated a much higher sentence than the court imposed. (Pet. p. 13)

The relief Petitioner seeks is for removal of the 20-year consecutive sentence and "correct its deviation from the state trial court's oral pronouncement. (Pet. p. 19)

**Exhaustion of State Remedies**

It is settled law that "ordinarily an application for habeas corpus by one detained under a state court judgment of conviction will be entertained … only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari have been exhausted." *Ex Parte Hawk,* 321 U.S. 200 (1950). The exhaustion doctrine, codified in § 2254, requires the petitioner to exhaust the available state remedies for his claim before seeking federal habeas relief. This requirement, the Supreme Court has noted, is "principally designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)).

Petitioner James has exhausted his state court remedies. He properly filed a petition for writ of mandamus in Leon County in and for the Second Judicial Circuit of Florida (2028 CA 1820[2]) He raised the same claim that he raises in is federal

---

[2] The case was later consolidated with Leon Case No. 2018 pending at the

4

petition, specifically claiming that DOC's the recalculation of his sentences was unlawful. (R. 8-20) He also made a gain-time challenge that he has abandon in his federal claim.

The circuit court issued DOC an order to show cause and DOC filed a response on the merits, including supporting documentation. (R. 50-114)

The circuit court denied the petition on the merits, finding as follows:

> Petitioner James alleges that the Respondent Department has violated his right to due process by correcting his sentence structure to be compliant with the orders of the various sentencing courts. (R. 152)
> ****
> Petitioner James argues that the Department was without authority to restructure his sentence and that the new sentence structure violates the sentences imposed by the courts.
>
> The Department must comply with the sentencing court's orders. In *Moore v. Pearson*, 789 So.3d 316 (Fla. 2001), the Florida Supreme Court stated that "DOC violated the separation of power doctrine when it refuses to carry out the sentence imposed by the court. *See, art*. 1 § 18, Fla. Cont." *Pearson* at 319. *** The Department does not have the authority to rectify any alleged problems relating to court ordered sentences.
>
> The Department does have authority to correct [it's own errors]. The courts have recognized that errors are made and that correcting these errors does not violate a prisoner's rights. *See. Sullivan v. Jones*, 165 So.3d 26 (Fla. 1st DCA 2015)(the Department is duty-bound to correct inadvertent mistakes in the calculation of gain time and the corresponding release date); *Vereen v. State*, 784 So.2d 1183 (Fla. 5th DCA 2001)(The Department has the authority to correct record-keeping errors, which thereby increased the appellant's sentence by 330 days).

(R. 155-156))

---

same time.

The court agreed that DOC's correctly structured Petitioner's sentences and stated:

> Petitioner James' argument that case number 99-721 should not be structed consecutively too the earlier imposed sentence in case number 98-28312 because the sentencing court said "any active sentence currently being served" is unavailing. The Department is correct in asserting that the sentencing court clearly intended for this sentence to run consecutively. Petitioner James has, therefore, failed to show that he is entitled to mandamus relief.

(R. 156)

Petitioner appealed the circuit court's order by Petition for Writ of Certiorari The petition was denied on the merits by the first District Court of Appeal without written opinion. Petitioner had no grounds to proceed to the Florida Supreme Court.

### **Merits**

The state court correctly determined that no right of the Petitioner was violated when DOC corrected an error in his sentence structure. It is the responsibility of DOC to execute a sentence exactly as imposed by the sentencing court. *Pearson* Petitioner has no constitutional basis for a reasonable expectation of finality in a 23 ½ sentence that was never imposed. *See, U.S. Watkins*, 147F.3d 1294 n(11th Cir. 1998).

Petitioner also appears to argue that when Broward County stated that his 30 year sentence was to run consecutive to "any active sentence", it meant only the first active sentence imposed (i.e. the 3 ½ year sentence) . (R. 120). This is not a credible interpretation of the court's orders. When the 30-year Broward sentence was imposed, he had two active sentences; the 3 ½ year sentence and the consecutive 20-year Dade sentence. Therefore, clearly, the Broward County court intended for its subsequently

imposed 30-year sentence to run consecutively to the active overall 23 ½ year term that had already been imposed.

When an inmate is received into DOC with more than one sentence, the terms are combined into one overall term to establish a release date. (§ 944.275(2)(a), Fla. Stat.) James' 23 ½ year overall term was fully active[3] when his consecutive 30-year sentence was imposed, and it was the court's intent for the new 30-year term to run after (consecutive) to those sentences already imposed. If the court had intended for the 30-year sentence to run consecutive to the 3 1/2 year term but concurrent with the 20-year term it would have said so.

Respectfully submitted,
s/ Sheron Wells
**Sheron Wells**
Fla. Bar No. 0068410
Assistant General Counsel
Office of the Attorney General
PO-I the Plaza, The Capital
Tallahassee, Florida 32399-2450
(850) 414-3636
Fax: (850) 487-1503
Sheron.Wells@myfloridalegalcom

---

[3] As opposed to an "as-yet to be imposed" sentence.  The "only limitation on consecutive sentence is that it may not run consecutive to a sentence yet to be imposed on another offense." *See, Johnson v. State*, 538 Soo.2d 553 (Fla. 2d DCA 1989).

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY THAT a true copy of the foregoing was furnished by U.S. Mail to:

Derrick James, DC# 5362983
Walton Correctional Institution
691 Institution Road
DeFuniak Springs, Florida 32433-1831

on this 26th day of July, 2023.

                                              s/ Sheron Wells
                                              **Sheron Wells**