In The United States District Court
Northern District Of Florida
Tallahassee Division

Provided to Walton CI
On _9-15-23_ for Mailing
          Date
By (officer initials) _AC_

James Derrick,
        Petitioner,

v.                                    4:22-CV-158/WS/ZCB

Ricky D. Dixon,
        Respondent.

Petitioner's Reply To Respondent's Answer
To Petition For Writ Of Habeas Corpus

Comes Now, Pro se Petitioner Derrick James, files this Reply to the
Respondent's Answer To Petition For Writ Of Habeas Corpus, puruant to
AEDPA, filed under 28 U.S.C. § 2241 and § 2254, and in support thereof state
the followings:

Statement of Facts

1) In August of 1999, the state court imposed a 30 year prison sentence for an
unoccupied burglary of a condominium and a grand theft charge to be served
consecutive to any active sentence currently being served by Defendant.

2) On November 5, 2001, Petitioner entered the FDOC system at South Florida
Reception Center in Miami-Dade County. Once there Petitioner was seen by an
Classification Officer who informed him that the state court judge had sentenced
Petitioner to a 30 year consecutive sentence to one of Petitioner's active serving
sentences(that was being served during the time of the imposed 30 year sentence)
but did not indicate which one. The Classification Officer then stated that due to
an imposed 3½ year sentence on a totally seperate case was handed down before
the other seperately imposed 20 year sentence that the 30 year consecutive
sentence would only be consecutive to the 3½ year sentence.

3) In 2018, nearly "two decades later" FDOC changed Petitioner's sentence after
Petitioner challenged improperly awarded gain-time concerning the 3½ year sentence.

FILED USDC FLND PN
SEP 21 '23 AM 10:36

Argument

   Respondent's assertion that the state court sentenced Petitioner to a 30 year consecutive sentence to both 3½ year and 20 year sentences is refuted by the state court's orally pronounced sentence and by the orally pronounced sentence as a whole.

   The central issue before this Honorable Court is if the state court's orally pronounced sentence squarely contradicts Respondents or Petitioner's claim/argument or to the contrary supports either. This Honorable Court should conclude that Petitioner's claim is supported by the record as a whole due to the following reasons:

1) The state court's orally pronounced sentence was..... Said sentence shall be consecutive to any active sentence currently being served by this defendant. Exhibit A, page 361 of state court's sentencing transcript

2) The state court specifically used the orally pronounced singular words and singular overall phrase of "any active sentence" currently being served by this defendant. The state court never orally stated the sentence imposed words nor phrase of any active sentences, nor all active sentences nor both active sentences nor each active sentence nor every active sentence currently being served by this defendant. In Florida Courts the rule is oral pronouncement controls.

   Furthermore, the Respondent failed to refute and state the words oral pronounce-ment within its Answer Brief, due to an orally pronounced sentence being controlling.

3) On November 5, 2001, FDOC Classification Department had initionally correctly concluded that the state court had infact orally pronounced that Petitioner's 30 year sentence was to be served consecutive to only one of Petitioner's actively serving sentences at that point in time and not both. See Exhibit B, initial FDOC sentencing structure.

   For instance the state court in Nielson v. State, 984 So. 2d 590 (2nd DCA 2008) stated "orally pronounced language/wording" concerning concurrent and/or consecutive sentences supports Petitioner's claim and argument. The language that was used by the sentencing Judge that was used when sentencing Nielson

on a seperate escape charge for a seperate case consecutively to other seperate charges in other seperate cases was as follow:

The sentence for escape was also expressly imposed consecutive to "all other active sentences." Then there's this orally worded statement of: "The composite term of all sentences imposed for the counts specified in the [r]esentence order shall run concurrent with "any active sentences being served." Whereas, it is obvious and undisputedly clear that the Nielson court precisely and continuously used the words "all other active sentences" and/or "any active "sentences" being served" as a plural meaning- not as a singular one. Simply put, the word orally used during Nielson's sentencing hearing was either concurrent to/with any active "sentences" and/or consecutive to all other active "sentences." The word **sentences** is a plural meaning word just as **sentence** is a singular meaning word. In the case at bar the state court not only did use this singular meaning word of sentence when it orally pronounced its sentence the state court went even further when it used an overall singular contextual meaning when or[ally] stating "Said sentence shall be consecutive to "any active sentence" currently being served by this defendant." Case and point, bus means one and buses are many; fan means one and fans many.

Secondly, for the sake of argument, if this Honorable Court is not able to determine that or if the state court's orally pronounced sentence supports or refutes either parties claim or argument- then this Honorable Court should then conclude that the orally overall pronounced sentence of "any active sentence" is ambiguous, vague, confusing and/or misleading. Cf Seary v. Florida Bar, 140 F Supp. 3d 1290 (N.D. Fla. 2015); In re Amendments to the Rules Regulating the Florida Bar (Biennial Petition) See 234 So. 3d 577 (Fla. 2017), where the Court rejected the Bar's initial attempt to address the U.S. District Court for the Northern District of Florida's decision in Seary concerning ambiguous language that was held unconstitutional. See also 274 So. 3d 1096 :: In re: Amendments to Rule Regulating the Fla. Bar, where FL Bar agreed with what an Attorney said was "ambiguities" in the Bar's proposal, then corrected the ambiguous language,

whereas, the word "and" was replaced with "or" in the new subdivision (a)(5).
274 So.3d 1046 (Fla. Supreme Court 2019).

Not only did the state court orally pronounced that the imposed 30 year sentence
be served consecutively to only one of the previously imposed active sentences,
within the state court's standardized sentencing order, the exact same wording
appears as was orally pronounced by the state court. Within the state court's
sentencing order such states in part:

> ☑ It is further ordered that the composite term of all sentences
> imposed for the courts specified in this order shall run
> ✓ consecutive to _____ concurrent with (check one) the following:
> ✓ Any active sentence being served.
> _____ Specific sentences: _____

Even here, the sentencing order specifically provided a space for the trial
court to list " Specific sentences" as to what or which one the imposed 30 year
consecutive sentence was to run consecutive too, but none are listed.[1] Yet the
state court did check the listed wording of "Any active sentence being served"
which is clearly singular wording and an singular overall phrase. Therefore, even
the Respondent reliance on the court's sentencing order must also fail and a
conclusion (by this Honorable Court) of an ambiguous, vague, misleading, confusing or
unconstitutional sentencing order was used by the state court against Petitioner,
therefore requiring relief. See Exhibit C, state court's sentencing order.

For instance, 1. Words can be CONCEPTUALLY ambiguous, meaning that the
concepts are still debated. Conceptually ambiguous words include freedom,
justice, racism, virtue, and equity.

2. Words can be CONTEXUALLY ambiguous, meaning that the word itself is not
up for debate but can have different meanings based on context. Contexually
ambiguous words are words like trunk and bad.

[1] Specific sentences is a plural statement yet both actively serving sentences were not listed by State Court.

3. Words have a DENOTATIVE aspect to their meaning. The denotative meaning, or "denotation", is the direct and literal meaning of a word as defined by a dictionary, such as any, which is defined as "one indefinitely" or "some". Again, the word any active sentence currently being served by this defendant. For argument sake even the word some can not nor is considered as an all or every meaning but a portion of an entire or whole of a thing meaning. The word sentence is also a denotative meaning word as to how such was orally used in context by the state court when oral sentencing took place. Whereas, the word sentence indicates one versus sentences which means more than one or a single thing etc. The state court never orally use the word sentences.

4. Words have a CONNOTATIVE aspect to their meaning. The connotative meaning, or "connotation," is the implied or suggested meaning of a word based on emotional associations that are determined by factors like one's enviorment, community, culture, etc.

"Furthermore, once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles." See Lippman v. State, 633 So.2d 1061 (Fla. 1994); Driver v. State, 710 So.2d 652, 653 (Fla. 2d DCA 1998); Evans v. State, 675 So.2d 1012 (Fla. 4th DCA 1996) and Justice v. State, 658 So.2d 1028, 1035-36 (Fla. 5th DCA 1995). To do so is a clear violation of the Double Jeopardy Clause, which prohibits multiple punishments for the same offense. State v. Wilson, 680 So.2d 411, 413 (Fla. 1996). The Fifth Amendment prohibits multiple punishments for same crime.[2]

Additionally, in Collins v. Hacker Heights, 503 U.S. 115, 125, 112 S.Ct. 1061, 1068-69, 117 L.Ed. 261 (1992) stated, ("Due Process Clause protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them ★★★ even good faith cannot obviate fundamental structural error and such is harmful error") (Quoting Daniels v. Williams, 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed. 2d 662 (1986)). Also referencing Rochil v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952). See Exhibit D

In Closing, Petitioner avers that the state courts conclusions were contrary to well established federal law, therefore, reversal by this Honorable Court is required and an reinstatement of 33½ year sentence is also required.

[2] Ashley v. State, 850 So.2d 1265 (Fla 2003)

## Conclusion

Wherefore, based upon the evidence,cited cases and argument within

Petitioner would respectfully request the relief that he seeks or that this

Honorable Court deems appropriate and/or just.

Respectfully Submitted,

*Derrick G. James*

Derrick G. James 536293

Walton Correctional Inst.

691 Institution Road

De Funiak Springs,Fl 32433

## Oath/Verification

Under penalties of perjury, I declare and certify that I have read the

foregoing document and that the facts as stated herein are true and correct.

Respectfully Submitted,

*Derrick G. James*

Derrick G. James 536293

Walton Correctional Inst.

691 Institution Road

De Funiak Springs,FL 32433

## Certificate of Service

I Hereby Certify that a true and correct copy of the foregoing has

been US mailed to the Office of Attorney General at The Capital, PL-01,

Tallahassee, FL 32399 on this 12th day of September 2023

*Derrick G. James*

3

347

```
                        IN THE CIRCUIT COURT OF THE
                        SEVENTEENTH JUDICIAL CIRCUIT,
                        IN AND FOR BROWARD COUNTY,
                        FLORIDA


-----------------------------)
                             )
THE STATE OF FLORIDA,        )
                             )
Plaintiff,                   )CASE NO.:  99-721CF10A
                             )
vs.                          )JUDGE JAMES COHN
                             )
                             )
DERRICK JAMES                )              COPY
                             )
Defendant.                   )
-----------------------------)


                        Fort Lauderdale, Florida
                        August 13th, 1999

                  VOLUME III
```

The above-entitled cause came on for Sentencing

Hearing before the Honorable JAMES COHN, Presiding

Judge, at the Broward County Courthouse, on the 13th day

of August, 1999, commencing at or about 9:00 a.m.


APPEARANCES:

    MICHAEL J. SATZ, STATE ATTORNEY'S OFFICE,
    BY:  PETER HOLDEN, ASSISTANT STATE ATTORNEY,
    Appearing on behalf of the State of Florida.

    BY:  ERIC M. COHEN, ESQUIRE,
    Appearing on behalf of the Defendant.

               - - - - - -
        APPEAL ON BEHALF OF THE DEFENDANT
               - - - - - -

Exhibit # A

348

1        Thereupon, the following proceedings were had:

2        THE COURT:   Mr. Cohen, you ready to proceed?

3        MR. COHEN:   Yes, we are, your Honor.

4        THE COURT:   This is State of Florida versus

5   Derrick Gregory James, Case Number 99-721CF.   The

6   record will reflect that Mr. James is present

7   represented by Mr. Cohen.   The State is represented

8   by Assistant State Attorney, Peter Holden.

9        Mr. James was convicted by a jury on July 7,

10   1999; Count 1, burglary of a dwelling; Count 2, a

11   grand theft in the third degree.   The State filed a

12   notice seeking a declaration as a prison releasee

13   reoffender and as a habitual felony offender.   Is

14   that correct, Mr. Holden?

15        MR. HOLDEN:   Yes.

16        MR. COHEN:   Judge, I'm sorry.   I didn't mean to

17   interrupt.   We have not received notice of

18   declaration as a prison releasee reoffender.   The

19   notice that we received from the State, which I

20   think we got from the public defender file when we

21   came into the case, is a blanket notice of State's

22   intent to seek that the Court declare the defendant

23   an habitual felony offender, a habitual violent

24   offender and/or a violent career criminal.

25        We have not received any further notice from

349

1   the State or from the Court of its intent to impose,

2   I guess what's commonly called a enhancement and we

3   would -- I understand that the statute itself does

4   not require notice.  We think due process requires

5   to have the State to proceed on that ground.

6          MR. HOLDEN:  May I be heard?

7          THE COURT:  Yes.

8          MR. HOLDEN:  Mr. Cohen is absolutely right.

9   The statute itself does not require notice to the

10  attorney.  That's why at all arraignments, the

11  public defender representing Mr. James at

12  arraignment, we file notice at the arraignment here

13  in open court.  Given a copy of it to the defendant,

14  Derrick James, given a copy to the Court, also

15  providing to the public defender, along with the

16  habitual offender as we do every single morning.

17         I think if the Court would check the court

18  file, that would be the way this was handled.  I

19  believe they were all filed back on February 9th,

20  1999.

21         THE COURT:  Additionally following the

22  rendition of the verdict, the Court inquired of the

23  State to, in open court, what Mr. James' qualified

24  designations were and the State announced in open

25  court prison releasee reoffender, habitual felony

350

1    offender.

2        Now, have counsel for both parties, have you

3    now had an opportunity to review the presentence

4    investigative report?

5        MR. COHEN:  On behalf of Mr. James, yes, sir.

6        MR. HOLDEN:  Yes, sir.

7        THE COURT:  Are there any objections to the

8    contents of the report?

9        MR. COHEN:  No, Your Honor.

10       MR. HOLDEN:  No, sir.

11       THE COURT:  Does the State wish to offer any

12   evidence in support of its notice?

13       MR. HOLDEN:  Yes, Your Honor.

14       THE COURT:  You may do so.

15       MR. COHEN:  Judge, we'd be willing to stipulate

16   to the prior convictions.

17       THE COURT:  You want to state each conviction

18   for the record and we'll get an oral response from

19   Mr. James?

20       MR. HOLDEN:  Yes, sir.  All these certifieds

21   I'm going to produce have been compared by Pamela

22   Coleman, expert with the Broward Sheriff's Office

23   fingerprint lab.  They came back one in the same.

24   They were compared to the judgment that was rendered

25   in this case and fingerprints taken in open court to

351

1    Case 94-29910CF for grand theft in the third degree,

2    Count 1 through -- 1, 2, 4 and 4 through 16.

3    Fourteen -- fifteen counts of grand theft and one

4    count of forgery.

5        Mr. James was convicted back on June 21st of

6    1995 and that came back one in the same.  He was

7    sentenced to two years community control.  That was

8    subsequently revoked and he got prison time.

9        THE COURT:  Mr. James, do you agree that you

10   are, in fact, the defendant --

11       THE DEFENDANT:  Yes, sir.

12       THE COURT:  -- reflected in these certified

13   copies --

14       THE DEFENDANT:  Yes.

15       THE COURT:  -- of convictions?  All right.

16       MR. HOLDEN:  Judge, also, those same prints

17   were compared to Case 94-8957CF10A, one count of

18   grand theft in the second degree.  Mr. James was

19   given 24 months back on July 20th of 1995.

20       THE COURT:  Mr. James, do you agree that you

21   are, in fact, the defendant --

22       THE DEFENDANT:  Yes, sir.

23       THE COURT:  -- identified in that certified

24   copy of conviction?

25       MR. HOLDEN:  Judge, lastly, for certified

352

1    copies of conviction, Case Number 94-16096CF10, Mr.

2    James was convicted of burglary of a dwelling where

3    he was placed on a year of community control.  I

4    guess that was automatically revoked.  He received

5    three and a half years Florida State Prison back on

6    October 22nd, 1998.

7         THE COURT:  Mr. James, do you agree that you

8    are, in fact, the defendant identified to that

9    certified copy of conviction?

10        THE DEFENDANT:  Yes, sir.  The Only thing I

11   don't agree with, sir -- really the only thing I

12   don't agree with is that it was revoked, it was ran

13   concurrent like I've said all along with the case in

14   Miami, but I do agree on everything else that he

15   said.

16        THE COURT:  You agree that you were adjudicated

17   guilty of burglary of a dwelling on October 22,

18   1998?

19        THE DEFENDANT:  Yes, sir.

20        THE COURT:  Thank you.  Thank you, Mr. James.

21        MR. HOLDEN:  At this time, we move to have the

22   certified copy of convictions introduced into

23   evidence.

24        THE COURT:  Any objection?

25        MR. COHEN:  No objection.

353

1          THE COURT:  That will be received as State's

2     Composite Exhibit 1.

3          MR. HOLDEN:  Judge, we have a letter here from

4     Ruth Destiny (phonetic), correctional service

5     administrator, who has done a thorough search of Mr.

6     James for us in the Department of Corrections and

7     states that Mr. James was in prison on Case Number

8     94-29910, 94-8957, both out of Dade County and his

9     release date from those cases was April 25th of

10    1996.  Bringing in accordance with the prison

11    releasee reoffender, we would like to produce that

12    it's certified copies.

13         MR. COHEN:  No objection.

14         THE COURT:  That will be received as State's 2.

15         MR. HOLDEN:  Judge, lastly, we have a copy from

16    Janet Creels (phonetic) coordinator of the

17    Department of Clemency stating that Mr. James has

18    not received any pardon or clemency for those

19    certified copies that we introduced that's also

20    under seal, self-authenticating.

21         THE COURT:  Any objection?

22         MR. COHEN:  No.

23         THE COURT:  That will be received as State's

24    Exhibit 3.

25         MR. HOLDEN:  Just the prints that was taken in

354

1    this court that all the comparisons were done my Ms.

2    Coleman.

3         THE COURT:  Any objection?

4         MR. COHEN:  No.

5         THE COURT:  That will be received as State's 4.

6    Any other evidence on behalf of the State in terms

7    of seeking enhancement?

8         MR. HOLDEN:  No, Your Honor.

9         THE COURT:  Any evidence on behalf of Mr.

10   James?

11        MR. COHEN:  No, Your Honor.

12        THE COURT:  Okay.  Is there legal cause why

13   sentence should not be imposed at this time?

14        MR. COHEN:  No, sir.

15        THE COURT:  Mr. James, do you wish to be heard?

16        THE DEFENDANT:  No, Your Honor.

17        THE COURT:  Mr. Holden, is the victim present?

18        MR. HOLDEN:  The victims are not present today.

19   They decided not to come.  We do have one request,

20   Your Honor.  Mr. James has been sentenced down in

21   Dade County on Friday -- Monday of this week on a

22   case, F as in Frank, 98-28312 and he's doing a

23   sentence on that.  Dade County.  He's also doing a

24   sentence here out of Broward County; Case

25   94-16096CF10A.  We are asking this Court to run

355

1    whatever sentence this Court imposes consecutive to

2    those two cases, Your Honor.

3         THE COURT:  Is there any restitution that's

4    being sought?

5         MR. HOLDEN:  According to the PSI, Judge, the

6    victim has asked for restitution.  I believe the

7    restitution amount she asked for was $3,900.

8    That's what we would be seeking, Your Honor.

9         THE COURT:  Defendant wish to be heard as to

10   the issue of restitution.

11        MR. COHEN:  Yes, Your Honor.  As you may recall

12   during the course of the trial, we had moved for

13   judgment of acquittal on Count 2 as to the grand

14   theft aspect of it because the victim had said --

15   Essentially, she had said some belief through

16   hearing other people saying, or had done some

17   investigation of her own as to the value of the

18   property because she did not state with any

19   specificity the items that were taken from her and

20   the value of each of the particular items, so we're

21   not sure what the basis for that figure is.  And so

22   we would object to that particular figure.

23        THE COURT:  Mr. James, did you wish to be heard

24   sir?

25        THE DEFENDANT:  Yes, sir.

356

```
 1          THE COURT:  All right.

 2          THE DEFENDANT:  Your Honor, it's up to you

 3     because you're the judge.  I was wondering if it's

 4     possible this case would be ran concurrent with

 5     Miami, but that's your decision, instead of imposing

 6     two consecutive sentences, sir.  I've just been

 7     sentenced down in Miami to 20 years, 15 mandatory,

 8     sir.  That's all I ask the Court to do.  Please run

 9     this concurrent with the case down in Miami instead

10     of splitting it.  I don't know what I score out to

11     here.  Instead of giving me twenty years and thirty

12     years here, the sentence doesn't reach the crime.

13     You understand.  Twenty years here and thirty years

14     here.  You're the judge.  I can't tell you what to

15     do, sir.  I'm just asking, could the Court run both

16     cases concurrent, sir?

17          THE COURT:  All right.  The defendant having

18     been adjudged guilty of Count 1 and 2 of the

19     information, the Court finds by a preponderance of

20     the evidence, number one; that the defendant was

21     released from a state correctional facility operated

22     by the Department of Corrections on April 25, 1996.

23          On June 16, 1998, the defendant committed

24     crimes of burglary of a dwelling and grand theft in

25     the third degree.  Burglary of a dwelling being an
```

357

1    enumerated felony specified in Florida Statute

2    775.082(8)(a)1.  That crime having been committed

3    within three years of the defendant's release from

4    prison, the defendant is hereby found and designated

5    a prison releasee reoffender and shall serve one

6    hundred percent of the following sentence.

7        MR. COHEN:  Your Honor, I'm sorry to interrupt.

8    I may be trying the Court's patience this morning.

9    I apologize.  You asked the defendant to speak.  I

10   have not had an opportunity to remark.  Can I just

11   state --

12       THE COURT:  Yes, sir.  I didn't mean to slight

13   you.  I thought I had given both parties an

14   opportunity to be heard.  Yes, sir.  You may be

15   heard.

16       MR. COHEN:  You asked the defendant.

17   Personally, I didn't know if that included counsel.

18   Again, I apologize.

19       THE COURT:  I'd be glad to hear from you now.

20       MR. COHEN:  Judge, as we must accept the

21   verdict of the jury for purposes of this proceeding,

22   but we would ask the Court to take into

23   consideration several factors.

24       One, that the apartment in question was

25   unoccupied.  There was no threat of physical safety,

ESQUIRE DEPOSITION SERVICE

358

1    no threat to the physical safety of any individual.

2    The fact that -- I'm sure the Court remembers that

3    at least one of these that the State proffered at

4    the time of trial was that Mr. James merely reached

5    into the apartment and grabbed jewelry from a basket

6    on top of the dresser inside the bedroom.  Never

7    really had physically threw his entire body entered

8    into the apartment.  There was no firearm used in

9    this case.  There was no threats used in this case.

10   There was no violence used in this case.  That's

11   consistent with Mr. James' history.  And the Court

12   is well familiar with the predicate acts in both the

13   habitual offender statute and the prison releasee

14   statute, that burglary of an occupied dwelling,

15   although it qualifies, or at least the Fifth

16   District has said that this qualifies, the Supreme

17   Court has not yet made a determination.

18   This is probably the only offense of the predicate

19   offense that does not involve any violence or any

20   immediate threat to an individual.  I would ask the

21   Court to take that into consideration when

22   formulating its sentence here.

23       We would ask the Court to consider Mr. James'

24   personal background.  At least in two respects.

25   One, military service and that he fulfilled his

359

1    obligation to his country.  And two, his

2    responsibility to his five minor children for which

3    he is financially responsible for.

4        As the State has said, Mr. James has already

5    received his sentence of more than 20 years which we

6    would feel is certainly a sufficient penalty.

7        Now, I understand that the Court most likely

8    feels that an incremental increase of that sentence

9    is necessary to justify, or to consider what

10   happened in this particular case, but we think that

11   the sentence toward the upper end of the habitual

12   offender range, sentence range, 25 to 27 years, to

13   run concurrent to the sentence that he's already

14   serving is sufficient punishment for this case in

15   additional to the punishment that he's already

16   serving.

17       So we would ask that the Court fashion the

18   sentence that will, in fact, take into consideration

19   and will, in fact, invoke additional punishment for

20   this case, but still will not be so out of line that

21   Mr. James' background and in the non-offensive

22   character of this offense and that of his prior

23   offense.

24       THE COURT:  Thank you, Mr. Cohen.  The Court

25   having designated Mr. James as a prison releasee

113

360

1    reoffender, as to Count 1, the maximum sentence

2    provided by law for the crime of burglary of a

3    dwelling as a prison releasee reoffender is fifteen

4    years in prison.  Accordingly, the Court hereby

5    orders the defendant, Derrick Gregory James,

6    committed to the custody of Department of

7    Corrections to serve a term of imprisonment of

8    fifteen years as to Count 1 as a prison releasee

9    reoffender, which means that he must serve one

10   hundred percent of the Court's sentence.  That

11   sentence shall run consecutive to any active

12   sentence being served by the defendant.

13       The Court further finds by a preponderance of

14   the evidence; number one, that a presentence

15   investigation was conducted by the Department of

16   Corrections and copies of the report have been

17   furnished to the defendant and defendant's counsel.

18       Number two, written notice was served on the

19   defendant and the defendant's attorney a sufficient

20   time prior to imposition of sentence.

21       Number three, all evidence was presented in

22   open court subject to full rights of confrontation,

23   cross-examination and representation by counsel.

24       Number four, the defendant has previously been

25   convicted of two or more felonies in this state.

362

 1        Defendant, as to Count 2, the Court having

 2   adjudged defendant guilty of grand theft in the

 3   third degree, the defendant is hereby ordered to be

 4   committed to the custody of the Department of

 5   Corrections to serve a term imprisonment of ten

 6   years for credit for all time served.  Said sentence

 7   shall run concurrently with Count 1.

 8        Lastly, the Court will assess $305 court costs

 9   and enter a civil restitution lien order in the

10   amount of $3,900.

11        Mr. James, the Court further advises you you

12   have thirty days to appeal.  You have the right to a

13   lawyer.  If you cannot afford a lawyer, the Court

14   will appoint one to represent you.  Thank you,

15   gentlemen.

16        MR. HOLDEN:  Thank you, Judge.

17        (Whereupon, the sentencing hearing was

18   concluded.)

19

20

21

22

23

24

25

363

<u>C O U R T   C E R T I F I C A T E</u>

STATE OF FLORIDA

COUNTY OF BROWARD

I, DIANE L. DAVIS, Shorthand Reporter,

do hereby certify that I was authorized to and

did stenographically report the foregoing

proceedings; and that the transcript is a true

record.

Dated this ___15th___ day of ___February___ 2000.

_____

DIANE L. DAVIS

ESQUIRE DEPOSITION SERVICE

361

1          Number five, the felonies for which the

2     defendant is to be sentenced, burglary of a dwelling

3     and grand theft in the third degree were each

4     committed within five years of the date of the

5     conviction of the -- excuse me.  Within five years

6     of the defendant's release on parole or otherwise

7     from the prison sentence or other commitments

8     imposed as a result of a prior conviction for a

9     felony.

10          Number six, the defendant has not received a

11     pardon for any felony or other qualified offenses

12     necessary for the operation of this section.

13          Number seven, a conviction of a felony or other

14     qualified offense necessary to the operation of this

15     section has not been set aside in any post

16     conviction proceeding.

17          Based on the aforementioned finding, this Court

18     identifies and adjudges Derrick Gregory James to be

19     a habitual felony offender and as such; as to Count

20     1, burglary of a dwelling, the defendant is hereby

21     ordered to be committed to the custody of Department

22     of Corrections to serve a term of imprisonment of

23     thirty years with credit for all time served.  Said

24     sentence shall be consecutive to any active sentence

25     currently being served by this defendant.

ESQUIRE DEPOSITION SERVICE

June 25, 2009  14:26:53

                                     YT                              PAGE: 01
P/N  0 536293                                                        TIME: 14:26
     IISO006          OVERALL INMATE RECORD AS OF 06/25/09    STATUS: ACTIVE
NAME: JAMES, DERRICK                   DOC NO: 536293

    THE FOLLOWING INFORMATION IS FROM THE RECORD OF THE INMATE NAMED ABOVE.
    SOME DATA AS WELL AS   RELEASE   DATE(S)  ARE SUBJECT TO CHANGE  WITH THE
    AWARD OF AND/OR FORFEITURE OF GAIN TIME OR  PROVISIONAL CREDITS OR WITH
    A CHANGE IN SENTENCE STRUCTURE OR INMATE STATUS.

                                        PROVISIONAL RELEASE DATE: NO CREDITS
LOCATION: 205 - FLORIDA STATE PRISON    TENTATIVE RELEASE DATE:   05/16/2031
OVERALL TERM:  33 YRS  6 MOS  0 DAYS    LAST PROV.AWARD:  0 DAYS ON    /  /
CUSTODY GR.: CLOSE    SINCE: 11/05/01   LAST GAIN TIME:   2 DAYS ON 05/31/09
DATE OF BIRTH: 03/09/65  SEX: MALE      RACE: BLACK          EYES: BROWN
BIRTHPLACE: FLORIDA        HT: 5' 10"

FILE IMAGING: COMPLETE RECORD IMAGED
*************************************************************************
    THE FOLLOWING DATES ARE SET BY THE PAROLE COMMISSION.  QUESTIONS ABOUT
    THESE DATES SHOULD BE DIRECTED TO THAT AGENCY AT  (850) 488-1655.
CONTROL RELEASE DATE:   /  /              PRESUMPTIVE PAROLE DATE: 99/99/9999
*************************************************************************
TO OBTAIN MORE INFORMATION ABOUT THIS INMATE, PRESS THE "ENTER" KEY.

Exhibit # B

| DIVISION:<br>CRIMINAL | SENTENCE<br>( AS TO COUNT _____ ) | CASE NUMBER<br>09172 1 CF |
|---|---|---|

## OTHER PROVISIONS

**SHORT-BARRELED RIFLE,**
**SHOTGUN, MACHINE GUN** ☐ It is further ordered that the five-year minimum provisions of Florida Statute 790.221(2) are hereby imposed for the sentence specified in this court.

**CONTINUING CRIMINAL**
**ENTERPRISE** ☐ It is further ordered that the 25 year mandatory minimum sentence provisions of Florida Statute 893.20 are hereby imposed for the sentence specified in this count.

**RETENTION OF**
**JURISDICTION** ☐ The court retains jurisdiction over the defendant pursuant to Florida Statutes 947.16(3).

**JAIL CREDIT** ☑ It is further ordered that the defendant shall be allowed a total of **195** days as credit for time incarcerated prior to imposition of this sentence.

**PRISON CREDIT** ☐ It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing.

**CONSECUTIVE/**
**CONCURRENT AS**
**TO OTHER COUNTS** ☑ It is further ordered that the sentence imposed by this court shall run _____ consecutive to _____ concurrent with (check one) the sentence set forth in count I of this case.

**CONSECUTIVE/**
**CONCURRENT AS**
**TO OTHER**
**CONVICTIONS** ☑ It is further ordered that the composite term of all sentences imposed for the courts specified in this order shall run
_____ consecutive to _____ concurrent with (check one) the following:
_____ Any active sentence being served.
_____ Specific sentences: _____

PSI ORDERED          YES [✓]     NO [ ]
In the event the above the above sentence is to the Department of Corrections, the Sheriff of Broward County, Florida, is hereby ordered and directed to deliver the Defendant to the Department of Corrections at the facility designated by the Department together with a copy of this Judgment and Sentence and any other documents specified by Florida Statutes.

The Defendant in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the Defendant's right to assistance of counsel in taking said appeal at the expense of the State upon showing of indigence.

In imposing the above sentence, the Court further recommends _____

**DONE AND ORDERED** in Open Court at Broward County, Florida, this _____ day of ___ AUG 13 1900 ___, 19 _____

_James J. Cohn_
**JUDGE**

126

Exhibit # C

# STATE OF FLORIDA
# DEPARTMENT OF CORRECTIONS
# MARTIN CORRECTIONAL INSTITUTION
# RECORDS OFFICE

**MEMO TO:**     James, Derrick    **DC#:** 536293       **Housing:**     A4102U

**FROM:**         J. Ingraham, CSS

**DATE:**         August 15, 2018

**SUBJECT:**      Sentence Audit

---

A/001-006: Re-audit Of The Chaining To Respond To Grievance,
Case 99-721 Consecutive to Any Active Sentence,
Chained to 94-16096 Should Have Been Chained to 98-28312,
20 Year Term,
Corrected,
Increased TRD by 20 Years from 7/4/29 to 7/23/48,
Now an overall 53 Year 6 Month Term.

**TRD changed from:**   07/04/2029   **to**      07/23/2048


J. Ingraham,
Correctional Sentence Specialist

Exhibit # D

Derrick G. James
Walton Correctional Institution
691 Institution Road
De Funiak Springs, FL 32433

Provided to Walton CI
On 9-15-23 for Mailing
        Date
By (officer initials) _____

Federal Clerk of Court
1 N. Palafax Street
Pensacola, Florida 32052