UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DERRICK G. JAMES,
      Petitioner,

vs.                     Case No.:  4:22cv158/WS/ZCB

RICKY D. DIXON,
      Respondent.
_____/

## **REPORT AND RECOMMENDATION**

This is a federal habeas corpus case filed under 28 U.S.C. § 2254. (Doc. 1). Petitioner is Derrick James, a prisoner in the Florida Department of Corrections (FDOC) who is serving a thirty year sentence for burglary.  Petitioner's amended petition claims that the FDOC has calculated his overall term of imprisonment in a manner that violates his federal constitutional rights to due process and protection from double jeopardy.  (Doc. 15).  Respondent has answered the amended petition, and Petitioner replied.  (Doc. 29; Docs. 34, 36).  For the reasons below, Petitioner is not entitled to habeas relief.[1]

_____

[1] The Court believes this matter may be resolved without an evidentiary hearing.  Rule 8(a), Rules Governing Section 2254 Cases.

1

## I.    Factual Background

Because this case involves the FDOC's calculation of Petitioner's overall term of imprisonment and release date, the Court will summarize the history of his sentences.    On October 22, 1998, Petitioner was sentenced in the Broward County Circuit Court, Case No. 1994-CF-16096, to 3 1/2 years imprisonment for burglary of a dwelling.    (Doc. 28-1 at 76-80).

Petitioner was transferred to the Dade County Circuit Court for sentencing in Case No. 1998-CF-28312.    On August 9, 1999, that court sentenced Petitioner to a composite term of 20 years' imprisonment for burglary of a dwelling and grand theft.    (*Id.* at 87-92).    The court ordered the composite term to run consecutive to the sentence in Broward County Case No. 1994-CF-16096.    (*Id.* at 92).

Petitioner was then transferred back to Broward County for sentencing in Case No. 1999-CF-721.    On August 13, 1999, that court sentenced Petitioner to a composite term of 30 years' imprisonment for burglary of a dwelling and grand theft.    (Doc. 28-1 at 107-08; Doc. 28-2 at 3-7).    The court orally pronounced the term to run "consecutive to any

active sentence currently being served by this defendant." (Doc. 28-2 at 65-68). The written judgment directed the term to run "consecutive to . . . any active sentence being served." (*Id.* at 7).[2]

The FDOC initially calculated Petitioner's overall term of imprisonment as 33 1/2 years. (Doc. 28-2 at 28). That is because it structured Petitioner's 30 year sentence in Case No. 99-721 to run consecutive to only the 3 1/2 year sentence in Case No. 94-16096. (Doc. 28-1 at 69; Doc. 28-2 at 28, 77).

Years later, the FDOC re-audited Petitioner's sentence and determined that it erred in its sentence calculation. (Doc. 28-1 at 69; Doc. 28-2 at 77). The FDOC determined that it should have "chained" Petitioner's 30 year sentence to the 3 1/2 year sentence in Case No. 94-16096 *and* the 20 year sentence in Case No. 98-28312. (Doc. 28-2 at 77). The FDOC recalculated Petitioner's overall term of imprisonment as 53 1/2 years instead of 33 1/2 years, and the FDOC changed his tentative release date from July 2029 to July 2048. (*Id.*).

---

[2] Petitioner was then sent to the Palm Beach County Circuit Court for sentencing in another case. (Doc. 28-1 at 98-100). That sentence is not relevant to the sentencing calculation issues in this habeas case.

## II.    Procedural History

Petitioner sought mandamus relief in the Leon County Circuit Court, Case No. 2018-CA-1820.  (Doc. 28-2 at 59-63).[3]  That court denied relief, and Petitioner sought certiorari review in the Florida First District Court of Appeal (First DCA).  (*Id*. at 48-52).  The First DCA denied the petition "on the merits."  *James v. Dep't of Corr.*, 308 So. 3d 258 (Fla. 1st DCA 2020).  Petitioner then sought review in the Florida Supreme Court, but that court dismissed the case for lack of jurisdiction.  *James v. Fla. Dep't of Corr.*, No. SC21-310, 2021 WL 811890 (Fla. Mar. 2, 2021).

Petitioner then filed the current habeas corpus petition under 28 U.S.C. § 2254.  (Doc. 1).  His amended petition presents due process and double jeopardy challenges to the FDOC's sentence recalculation.  (Doc. 15 at 9, 11, 13).  The Court will discuss those claims below, but first the Court will summarize the legal standard for § 2254 petitions.

---

[3] The state court consolidated two of Petitioner's mandamus petitions into one case.  (Doc. 28-1 at 40-41).

### III.   Legal Standard for 28 U.S.C. § 2254 Petitions

When considering a state prisoner's § 2254 habeas petition, a federal court is not typically sitting as an appellate court with the mandate of correcting errors that may have occurred in the state court. *See Shinn v. Ramirez*, 596 U.S. 366, 377 (2022) (explaining that a federal habeas proceeding is not "a substitute for ordinary error correction through appeal").  Instead, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court applies a "highly deferential standard of review for evaluating state-court rulings [on the merits], which demands that state-court decisions be given the benefit of the doubt."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).  Under AEDPA, a federal court may invalidate a state criminal conviction only if the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).  The state court's factual determinations "shall be presumed to be correct,"

5

and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

"[T]o be contrary to clearly established federal law, the state court must either (1) apply a rule that contradicts the governing law set forth by Supreme Court case law, or (2) reach a different result from the Supreme Court when faced with materially indistinguishable facts." *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010) (cleaned up). An "unreasonable application" of federal law occurs "if the state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies it to the facts of the particular case." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "To meet [the unreasonable application] standard, a prisoner must show far more than that the state court's decision was merely wrong or even clear error." *Shinn v. Kayer*, 141 S. Ct. 517, 523 (2020) (cleaned up). Rather, the state court's application of federal law must be "so obviously wrong that its error lies beyond any possibility for fairminded disagreement." *Id.* (cleaned up). This standard reflects that the "writ of habeas corpus is an extraordinary remedy that guards only against extreme malfunctions in

6

the state criminal justice systems." *Ramirez*, 596 U.S. at 377 (cleaned up).

## IV.    Discussion

In his amended § 2254 petition, Petitioner has raised due process and double jeopardy challenges to the FDOC's interpretation of the trial court's sentencing order in Case No. 99-721.  (Doc. 15 at 9, 11, 13).  He alleges the sentencing court ordered the 30 year sentence to run consecutive to "any active sentence currently being served."  Petitioner alleges the only active sentence he was then currently serving was the 3 1/2 year sentence in Case No. 94-16096.  He acknowledges that he had also been sentenced to 20 years in Case No. 98-28312, but alleges he was not currently serving that sentence because the court had ordered it to run consecutive to the 3 1/2 year sentence in Case No. 94-16096.

Petitioner alleges the FDOC initially agreed with his interpretation of the sentencing court's order and calculated his overall term of imprisonment as 33 1/2 years (Doc. 34 at 24).  But the FDOC later changed its interpretation and ran his 30 year sentence consecutive to not only the 3 1/2 year sentence in 94-16096 but also the 20 year sentence

in 98-28132, thereby increasing his overall term of incarceration to 53 1/2 years.  (*Id*. at 26).  Petitioner claims that by doing this, the FDOC increased the sentence imposed by the court in violation of his right to due process and the protection from double jeopardy.

## A.    The state court proceedings

Petitioner presented his federal claims in his state mandamus petition.  (Doc. 28-2 at 59-63).  In that petition, Petitioner argued that the FDOC's interpretation of the trial court's sentencing order in 99-721 violated his right to due process and violated double jeopardy because the agency arbitrarily increased his sentence beyond the sentence imposed by the trial court.

The state court rejected Petitioner's claims and stated its reasons for doing so.  (*Id*. at 51-52).  The court first explained the FDOC's authority under state law with respect to calculating inmates' release dates.  (*Id*. at 51); Fla. Stat. § 944.275(2)(a) (requiring the FDOC to establish for each prisoner sentenced to a term of years a "maximum sentence expiration date," which shall be the date when the sentence or combined sentenced imposed on a prisoner will expire).  The court

8

explained that the FDOC was required to carry out the sentence imposed by the court and to comply with the sentencing court's orders. (*Id.*); *Moore v. Pearson*, 789 So. 2d 316, 319 (Fla. 2001). The court further explained that the FDOC was authorized, indeed duty-bound, to correct its own mistakes in calculating an inmate's release date. (Doc. 28-2 at 51); *Sullivan v. Jones*, 165 So. 3d 26 (Fla. 1st DCA 2015) (explaining that the FDOC was duty-bound to correct mistakes in the calculation of an inmate's gain time and the corresponding release date); *Vereen v. State*, 784 So. 2d 1183 (Fla. 5th DCA 2001) (holding that the FDOC was authorized to its correct record-keeping errors even if it extended an inmate's release date).

The court then made factual findings specific to Petitioner's case. The court found that the sentencing court in Case No. 99-721 "clearly intended" for Petitioner's 30 year sentence to run consecutive to his 20 year sentence in Case No. 98-28312. (Doc. 28 at 52). The court further found that the FDOC's initial sentence structure and calculation of Petitioner's release date were mistaken because they did not, but should have, run Petitioner's sentences in Case Nos. 98-28312 (20 years) and 99-

721 (30 years) consecutive to each another and consecutive to the sentence in Case No. 94-16096 (3 1/2 years).  (*Id.* at 51-52).  Applying Florida law to those facts, the court determined that the FDOC properly corrected its initial erroneous sentence structure to reflect that the 30 year sentence in 99-721 ran consecutive to the 20 year sentence in 98-28312 *and* the 3 1/2 year sentence in 94-16096.  (*Id.*).  Petitioner appealed the decision, and the First DCA affirmed "on the merits."  *James v. Dep't of Corr.*, 308 So. 3d 258 (Fla. 1st DCA 2020).

## B.    Analysis of Petitioner's habeas claims

Assuming, to Petitioner's benefit, that his challenges to the FDOC's establishment of his sentence expiration date are cognizable in a federal habeas action,[4] to obtain habeas relief Petitioner must show that the

_____

[4] *See Walter v. Secretary*, No. 8:23-cv-2456-TPB-AEP, 2023 WL 8437713, at \*1 (M.D. Fla. Nov. 14, 2023) (denying habeas relief on petitioner's challenge to the FDOC's calculation of his release date because the constitutional provisions that petitioner cited (the suspension clause and the extradition clause) did not govern the calculation of a prisoner's release date, and a claim based on a violation of state law is not cognizable on federal habeas); *Drago v. Sec'y, Dep't of Corr.*, No. 8:21cv-865-MSS-SPF, 2022 WL 486168, at \*2 (M.D. Fla. Feb. 17, 2022) (denying habeas relief on petitioner's claim that the FDOC improperly extended his maximum sentence expiration date because the state appellate court's rejection of the claim was based on its interpretation of state

state court's adjudication of his due process and double jeopardy claims was either (1) contrary to or an unreasonable application of clearly established Federal law, or (2) based upon an unreasonable determination of the facts based upon the evidence presented in the state mandamus proceeding.  *See* 28 U.S.C. § 2254(d).

A state habeas court's findings of fact are presumed to be correct, and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1). "Even if the state court made a clearly erroneous factual determination, that doesn't necessarily mean the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Pye v. Warden, Ga. Diagnostic Prison*, 50 F.4th 1025, 1035 (11th Cir. 2022) (cleaned up).  "Depending on the importance of the factual error to the state court's ultimate decision, that decision might still be reasonable even if some of the state court's individual factual findings were erroneous—so long as the decision,

---

statutes, and the federal court was required to defer to the state court on issues of state law).

11

taken as a whole, doesn't constitute an unreasonable determination of the facts and isn't based on any such determination." *Id.* (cleaned up); *Stinski v. Warden, Ga. Diagnostic and Classification Prison*, No. 22-12898, 2023 WL 8801272, at \* 7 (11th Cir. Dec. 20, 2023) (explaining and applying *Pye*).

Ultimately, the Court must "look at the reasons for the state court's decision" and then "consider any potential justification for those reasons." *Carruth v. Comm'r, Ala. Dep't of Corr.*, 93 F.4th 1338, 1353 (11th Cir. 2024). The Court may not characterize state court factual determinations as unreasonable "merely because [the Court] would have reached a different conclusion in the first instance." *Brumfield v. Cain*, 576 U.S. 305, 313-14 (2015) (cleaned up). "If reasonable minds reviewing the record might disagree about the state court factfinding in question, on habeas review that does not suffice to supersede the state court's factual determination." *Daniel v. Comm'r*, 822 F.3d 1248, 1259 (11th Cir. 2016) (cleaned up).

Here, the state court made two factual determinations.[5]  First, the court found as fact that the sentencing court in Case No. 99-721 "clearly intended" for Petitioner's 30 year sentence to run consecutive to his 20 year sentence in Case No. 98-28312.  (Doc. 28 at 51-52).  Second, the court found that the FDOC's initial sentence structure and calculation of Petitioner's release date was mistaken because it did not carry out the sentencing court's order.  (*Id.*).

Petitioner has not carried his burden of rebutting, with clear and convincing evidence, the correctness of either of the state court's factual findings.  The Court thus presumes that the sentencing court intended the 20 year and 30 year sentences to run consecutively, and that the FDOC initially misinterpreted Petitioner's sentences when it calculated his overall term of imprisonment and release date.

Considering the state court's unrebutted factual findings, the Court next asks whether Petitioner has demonstrated that the state court's rejection of his due process and double jeopardy claims was based upon

---

[5] The First DCA's decision was not accompanied by reasons, so the federal habeas court must "look through" the unexplained decision to the trial court's rationale.  *Wilson v. Sellers*, 584 U.S. 122, 125 (2018).

13

an unreasonable determination of the facts in light of the evidence presented in the mandamus proceeding. Let's look at what that evidence was.

The state mandamus record included the written judgments and sentences in all of Petitioner's criminal cases. (Doc. 28-1 at 76-80, 87-92, 98-100, 107-08; Doc. 28-2 at 3-7). The judgment in Broward County Circuit Court, Case No. 1994-CF-16096 was rendered on October 22, 1998. (Doc. 28-1 at 76-80). The court sentenced Petitioner to 3 1/2 years' imprisonment.

The judgment in Dade County Case No. 98-21832 was rendered on August 9, 1999. (Doc. 28-1 at 88-92). That court sentenced Petitioner to a composite term of 20 years' imprisonment and ran that term consecutive to a specific sentence—i.e., the sentence in Broward County Case No. 94-16096. (*Id.*).

The judgment in Broward County Case No. 99-721 was rendered four days later on August 13, 1999. (Doc. 28-1 at 107-08; Doc. 28-2 at 3-7). That court sentenced Petitioner to a composite term of 30 years' imprisonment. The sentencing order provided the court with two options

14

if it chose to run the sentence consecutive to any other sentence(s): (1) run it consecutive to "[a]ny active sentences being served," or (2) run it consecutive to "[s]pecific sentences" with space to identify the specific sentence(s). (Doc. 28-2 at 7). The Broward County court chose "[a]ny active sentences being served." (*Id.*).

The state mandamus record also included select pages of the sentencing transcript in Case No. 99-721. (*Id.* at 21-26). Those pages show that the prosecutor asked the court to run Petitioner's 30 year sentence consecutive to both of the sentences that had already been imposed:

> We do have one request, Your Honor. Mr. James has been sentenced down in Dade County on Friday—Monday of this week on a case, F as in Frank, 98-28312 and he's doing a sentence on that. Dade County. He's also doing a sentence here out of Broward County; Case 94-16096CF10A. We are asking this Court to run whatever sentence this Court imposes consecutive to those two cases, Your Honor.

(Doc. 28-2 at 21, 23). The court orally pronounced that Petitioner's 30 year sentence would run "consecutive to any active sentence currently being served by this defendant." (*Id.* at 25).

15

Considering this evidence, was the state court's rejection of Petitioner's due process and double jeopardy claims based upon an unreasonable determination of the facts? The answer is no. That is because the FDOC did not increase Petitioner's overall sentence beyond what the sentencing courts ordered. The sentencing court intended (per the mandamus court's factual finding) that Petitioner's 30 year sentence in Case No. 99-721 run consecutive to the 3 1/2 year sentence imposed in No. 94-16076 and the 20 year sentence imposed in No. 98-28132.[6] The

---

[6] One might wonder whether Petitioner ever asked the Broward County sentencing court to clarify its own intent with respect to whether his 30 year sentence was to run consecutive to his 20 year sentence. The answer is that Petitioner did ask that question in a "Motion for Clarification of Sentence and/or Correction of Sentence" filed in the Broward County court while the mandamus proceeding was pending in the Leon County court. (*See* Doc. 28-3 at 32-35). A copy of Petitioner's motion is not part of the record in this case, but a copy of the sentencing court's order adjudicating that motion is part of the record. (*Id.*). The sentencing court clarified that Petitioner's 30 year sentence was ordered to run consecutive to the "then-active" sentences in Case No. 94-16096 (3 1/2 years) *and* Case No. 98-21832 (20 years). (*Id.* at 34).

Petitioner did not identify the Broward County postconviction proceeding as the state court proceeding where he presented his federal habeas claims. (Doc. 15 at 9-14). Instead, he identifies the Leon County mandamus action (Case Nos. 2018-CA-1820, 2018-CA-2108) and the review proceeding in the First DCA (Case No. 1D19-2660). (Doc. 15 at 9-14). Nevertheless, the sentencing court's statement of its intent only confirms the mandamus court's finding that the sentencing court ordered

16

FDOC initially did not structure Petitioner's sentences to reflect the sentencing court's order and calculated his overall term as only 33 1/2 years. The agency then recognized and corrected its mistake and recalculated Petitioner's overall sentence as 53 1/2 years. Petitioner has not shown that the state mandamus court's rejection of his due process and double jeopardy claims was based upon an unreasonable determination of the facts. Therefore, he has not satisfied § 2254(d)(2).

Petitioner's only other avenue for obtaining federal habeas relief is to demonstrate that the state court's adjudication of his federal claims was contrary to, or an unreasonable application of, clearly established Federal law. Petitioner has not made that showing. Petitioner cites Supreme Court cases for broad statements of the protections guaranteed by the Due Process Clause and the Double Jeopardy Clause. (Doc. 34 at 5). None of those cases hold that a state department of corrections violates due process or double jeopardy by carrying out the sentence imposed by the state court.

---

the 30 year sentence to run consecutive to both of the previously imposed sentences, i.e., the 3 1/2 year sentence in 94-16096 and the 20 year sentence in 98-28132.

Petitioner has not shown that the state court's denial of his due process and double jeopardy challenges to the FDOC's recalculation of his overall term of imprisonment and tentative release date was contrary to, or an unreasonable application of, clearly established Federal law. Nor has he shown that the state court's decision was based upon an unreasonable determination of the facts. For these reasons, Petitioner is not entitled to federal habeas relief. *See Barwick v. Sec'y, Fla. Dep't of Corr.*, 794 F.3d 1239, 1255-57 (11th Cir. 2015) (deferring to the state court's factual finding that the sentencing court considered the petitioner's history of child abuse as a mitigating circumstance, even though some isolated parts of the record suggested that the sentencing court may not have considered that history, because the federal habeas court is required to give the state court's interpretation of the sentencing order the benefit of the doubt; and denying habeas relief because the state court's conclusion, that the sentencing court did in fact consider the history of abuse as a mitigating circumstance, did not involve an

unreasonable application of clearly established federal law or an unreasonable determination of the facts).[7]

## V.    Conclusion

For the reasons above, Petitioner's amended habeas corpus petition should be denied.

## VI.    Certificate of appealability

---

[7] *See also, e.g., Weeks v. Thomas*, No. 3:13cv9260WHA, 2016 WL 1051294, at *4 (M.D. Ala. Feb. 23, 2016) (denying habeas relief on petitioner's challenge to department of corrections' calculation of his minimum release date where petitioner failed to show that state court decided his claim different than the Supreme Court in a case based on materially indistinguishable facts, nor did the state court apply a rule that contradicted governing federal law; moreover, the state court's decision was objectively reasonable and constituted a reasonable determination of the facts in light of the evidence presented by the parties), *adopted by* 2016 WL 1048072 (M.D. Ala. Mar. 16, 2016); *Newbold v. Sec'y, Fla. Dep't of Corr.*, No. 4:12cv307/WS, 2015 WL 3794934, at *1 (N.D. Fla. June 17, 2015) (denying habeas relief on petitioner's claim that the FDOC violated his federal constitutional rights by miscalculating his release date because petitioner failed to show that the state court's adjudication of the merits of claim was based on an unreasonable determination of the fact, or that it resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law); *Brazil v. Carey*, 234 F. App'x 569, 570 (9th Cir. 2007) (affirming denial of habeas relief where petitioner claimed that state corrections department impermissibly increased his 15-years-to-life sentence by categorizing him as a "life prisoner," because there was no evidence that the corrections department had changed the sentence imposed by the court).

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the Court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336  (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his [or her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (citing *Miller-El*, 537 U.S. at 327).  The petitioner here cannot

make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      Petitioner's amended 28 U.S.C. § 2254 petition (Doc. 15) be **DENIED** and this case be **DISMISSED**.

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this the 16th day of September 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.

21

An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.